UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARMEN VALENCIA,

    Plaintiff,

v.

MATTRESS FIRM, INC.,

    Defendant.

No. C 22-06875 WHA

**ORDER GRANTING IN PART MOTION TO COMPEL ARBITRATION AND DISMISS AND STAYING CASE**

## INTRODUCTION

In this wage-and-hour representative action brought under California's Private Attorneys General Act, defendant moves to compel arbitration of the individual portion of plaintiff's claim and dismiss the representative portion for lack of statutory standing. Plaintiff opposes and requests a stay in anticipation of a forthcoming California Supreme Court decision that will squarely address the standing issue. For the reasons stated below, defendant's motion is **GRANTED IN PART** and this case is **STAYED**.

## STATEMENT

Plaintiff Carmen Valencia began working for defendant Mattress Firm, Inc., in October 2017. As part of the employee onboarding process, plaintiff was required to review, acknowledge, and agree to Mattress Firm's arbitration policy, entitled "Mutual Arbitration Agreement." The agreement required arbitration of "claims arising under any statutes or

1  regulations applicable to applicants, to employees, or to the employment relationship"
2  (Hanratty Exh. A). The agreement further provided that plaintiff waived "any right to bring
3  claims as class, collective, or representative actions" (*ibid*.).

4      Plaintiff initiated the instant suit in the Superior Court for the County of Santa Clara in
5  September 2022. The complaint generally alleged that Mattress Firm committed a host of
6  California Labor Code violations during plaintiff's tenure there, including that it failed to pay
7  owed wages upon termination, provide proper wage statements, pay premiums for missed meal
8  breaks, and reimburse business expenses. Based on these allegations, plaintiff brought a
9  PAGA claim on behalf of herself and other aggrieved employees (Compl. ¶¶ 22–56). Plaintiff
10 does not seek to certify a class.

11     Mattress Firm removed the action to our district court and now moves to compel
12 arbitration and dismiss. Plaintiff opposes, arguing that the arbitration agreement is
13 unenforceable. This order follows full briefing and finds this motion suitable for resolution on
14 the papers. Civ. L.R. 7-1(b).

15 **ANALYSIS**

16     Under the Federal Arbitration Act, a district court determines "whether a valid arbitration
17 agreement exists and, if so, whether the agreement encompasses the dispute at issue."
18 *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To
19 evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law
20 principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d
21 1165, 1170 (9th Cir. 2003) (quotations and citations omitted). If the court is satisfied "that the
22 making of the agreement for arbitration or the failure to comply therewith is not in issue, the
23 court shall make an order directing the parties to proceed to arbitration in accordance with the
24 terms of the agreement." 9 U.S.C. § 4.

25     Here, plaintiff does not dispute that she signed the arbitration agreement as a condition of
26 her employment. Rather, she argues that the agreement is unenforceable as unconscionable.
27 She further contends that the agreement is null and void because the United States Supreme
28 Court's recent decision in *Viking River Cruises, Inc. v. Moriana* upheld California's

2

prohibition on wholesale waivers of PAGA claims. *See* 142 S. Ct. 1906 (2022). This order addresses each argument in turn.

### 1.   UNCONSCIONABILITY.

Plaintiff argues that her agreement with Mattress Firm was so ridden with unconscionable provisions that it is unenforceable. This order disagrees.

Under California law, a contract provision is unenforceable if it was "unconscionable at the time it was made." Cal. Civ. Code § 1670.5(a); *see also Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). Unconscionability has both procedural and substantive elements. These elements are analyzed on a sliding scale: the more substantively unfair, the less procedurally unconscionable a provision need be for a finding it is unenforceable, and vice-versa. *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 910 (2015). But "*both* must be present" for a court to deem a contract unenforceable as unconscionable. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007) (overruled on other grounds) (emphasis added). The party resisting arbitration bears the burden of demonstrating unconscionability. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246–47 (2012).

Here, Mattress Firm's arbitration policy made clear that "[i]ndividuals who wish to be considered for employment by Mattress Firm, Inc . . . *must* read and agree to the following Mutual Arbitration Agreement" (Hanratty Exh. A (emphasis added)). Some procedural unconscionability therefore permeates the agreement because plaintiff indisputably lacked equal bargaining power and the agreement was presented to her on a take-it-or-leave-it basis. *See Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001) (procedural unconscionability may be shown by "an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice"); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

Plaintiff fails, however, to show substantive unconscionability. Relying on *Zullo v. Superior Court*, 197 Cal. App. 4th 477 (2000), plaintiff argues that Mattress Firm impermissibly limited the scope of the agreement to only cover claims typically brought by employees. This contention lacks merit. In *Zullo*, an arbitration agreement was "one-sided

and harsh" where it only required arbitration of employee claims for equal employment and nondiscrimination laws. *Id.* at 486. Here, by contrast, our arbitration agreement covers "claims arising under any statutes or regulations applicable to . . . the employment relationship," regardless of the party bringing the claim (Hanratty Exh. A). The agreement is therefore sufficiently "mutual in scope." *Serafin v. Balco Props. Ltd.*, 235 Cal. App. 4th 165, 182 (2015).

Next, plaintiff objects to a provision of the agreement that allows it to be unilaterally modified by Mattress Firm (Opp. 7). Under California law, however, such provisions are enforceable so long as any modifications do not apply retroactively to existing claims. *See Peleg v. Neiman Marcus Grp., Inc.*, 204 Cal. App. 4th 1425, 1433 (2012). Here, the agreement elaborates that "[a]ny modifications or terminations shall be prospective only and shall not apply to any claims or disputes that are pending in arbitration or that have been initiated by either party" (Hanratty Exh. A). Therefore, the provision is not unconscionable.

Finally, plaintiff argues that the PAGA waiver included in the agreement is substantively unconscionable. But as will be discussed below, the PAGA waiver is consistent with the Supreme Court's holding in *Viking River* and is thus consistent with applicable law.

Plaintiff's remaining snippets of argument are not supported by authority and lack merit. In sum, plaintiff has failed to show the presence of *both* substantive and procedural unconscionability and accordingly has failed to establish unconscionability.

### 2. WAIVER OF PAGA CLAIM.

This order now turns to the impact of the Supreme Court's recent decision in *Viking River* on the enforceability of our agreement's representative action waiver. As background, PAGA allows an aggrieved employee to seek civil penalties for Labor Code violations committed against her and other aggrieved employees by bringing, on behalf of California, a representative action against her employer. *See* Cal. Labor Code § 2699. In *Viking River*, the Supreme Court held that the Federal Arbitration Act did not preempt a generally applicable California rule prohibiting "wholesale waiver[s] of PAGA claims." But the Act *did* preempt a

4

California rule that "preclude[d] division of PAGA actions into individual and non-individual claims" such that the individual claims could be sent to arbitration. *See* 142 S. Ct. at 1924–25.

The provision at issue in *Viking River* "purported to waive 'representative' PAGA claims" and was therefore "invalid if construed as a wholesale waiver." Because the agreement included a severability clause, however, the Supreme Court construed the provision as valid to the extent that it required the "individual" portion of the PAGA claim to proceed in arbitration. *Ibid.*

Here, plaintiff and Mattress Firm each grasp hold of different aspects of *Viking River*. Plaintiff argues that our arbitration agreement's representative action waiver qualifies as the kind of comprehensive waiver of PAGA claims that remains disallowed under California law. Mattress Firm counters that the decision plainly supports its contention that the individual portion of plaintiff's PAGA claim must proceed in arbitration.

This order sides with Mattress Firm. True, the agreement provides for the waiver of "any right to bring claims as class, collective, or representative actions." The immediately preceding sentence, however, makes clear that "[a]ll claims covered by this Agreement are intended to be brought and resolved on an individual basis" (Hanratty Exh. A). This shows that the phrase "representative actions" refers to non-individual or class claims. The agreement therefore allows plaintiff to raise the individual portion of her PAGA claim and does not operate as a wholesale waiver.

Even if the waiver were to be read so broadly as to be unenforceable, the agreement includes a severability clause that is substantively identical to that in *Viking River* (*ibid.*). Thus, Mattress Firm is entitled to enforce the agreement to the extent that it requires plaintiff to bring the individual portion of her PAGA claim in arbitration.

Plaintiff objects that the agreement between the parties did not "contemplate[] future changes in the law" at the time it was signed (Opp. 7). This does not convince. As Mattress Firm rightly points out, the Supreme Court did not change the law in *Viking River*. Rather, the Court interpreted existing statutes to find a conflict between the Federal Arbitration Act and the California rule at issue. *See Bostock v. Clayton City*, 140 S. Ct. 1731, 1753 (2020) ("The

place to make new legislation, or address unwanted consequences of old legislation, lies in Congress. When it comes to statutory interpretation, our role is limited to applying the law's demands as faithfully as we can in the cases that come before us.").

In sum, our arbitration agreement does not contain an unlawful wholesale waiver of PAGA claims. Consequently, the individual portion of plaintiff's PAGA claim must proceed in arbitration.

### 3. REPRESENTATIVE PORTION OF PAGA CLAIM.

The remaining question is what to do with the representative portion of plaintiff's PAGA claim. Mattress Firm does not dispute that its representative action waiver remains unenforceable as to such claims. Mattress Firm argues, however, that plaintiff lacks statutory standing to enforce the representative portion of the claim given that the individual portion is now compelled to arbitration.

This issue was also addressed in *Viking River*. After compelling the individual portion of the plaintiff's PAGA claim to arbitration, the Supreme Court went on to find that,

> as [the Court] see[s] it, PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding . . . . When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit. As a result, [the plaintiff] lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims.

142 S. Ct. at 1925 (citations omitted).

Mattress Firm insists that the same result is warranted here. For her part, plaintiff asserts the Supreme Court's interpretation of California law was based on an erroneous reading of the California Supreme Court's decision in *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73 (2020). *Kim* held that employees do not lose statutory standing to pursue a PAGA claim on behalf of other aggrieved employees if they settle and dismiss the individual portion of their claim. *Id.* at 80. While *Viking River* declined to extend that principle to the arbitration context, Justice Sotomayor noted in her concurrence that "if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word." 142 S. Ct. at 1925.

6

The California Supreme Court has since agreed to hear this precise issue in the pending case *Adolph v. Uber Techs., Inc.*, No. G059860, 2022 WL 1073583 (Cal. Ct. App., Apr. 11, 2022), *review granted* (Cal. July 20, 2022). Plaintiff requests a stay until a decision is issued in *Adolph*. This order agrees that a stay is warranted and hereby **STAYS** further proceedings in this case. *See George v. Manheim Invs., Inc.*, 731 F. App'x 624, 627 (9th Cir. 2018).

## CONCLUSION

For the reasons stated above, defendant's motion to compel arbitration of the individual portion of plaintiff's PAGA claim is **GRANTED**. This case is **STAYED** pending further legal developments on the viability of the representative portion of plaintiff's PAGA claim. All deadlines for this action are hereby **VACATED**. The parties shall please file a joint status report within ten days of the California Supreme Court entering a decision in *Adolph*. If no decision has been entered by **JUNE 2, 2023**, the parties shall file a status report by **NOON** on that date.

**IT IS SO ORDERED.**

Dated: February 16, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE